IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST         )
FROM RUSSIA                     )
IN THE MATTER OF                )    Misc. No. 06-
ONTARIO TRANSIT                 )

**GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Russia. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Russian authorities who are investigating a case of alleged customs fraud.

EVIDENCE SOUGHT:

The Russian authorities seek information from the Delaware Secretary of State's Office and a company that may reside in this District. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

(a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the

court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in <u>In Re Request for Judicial Assistance from the Seoul District Criminal Court</u>, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." <u>In Re Letter of Request from the Crown Prosecution Services of the United Kingdom</u>, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in Russia and

hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte,</u> and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: /s/ Richard G. Andrews
Richard G. Andrews
Assistant U.S. Attorney
Delaware Bar I.D. No.2199
1007 N. Orange Street
Wilmington, DE  19801
(302) 573-6277

Dated: 3/28/06

To the competent bodies of
the United States of America

## APPLICATION FOR ASSISTANCE IN CRIMINAL CASE

The Department of Investigation affiliated to Gorky Transport Administration of Internal Affairs investigates a criminal case № 1122/01036 initiated in May 25, 2005 on the basis of a crime stipulated by article 194 Part 2 of Criminal Code of Russian Federation- Customs evasion of the organization or natural person. Over the period from 06.05.2004 to 09.06.2004, in the context of Sales Contract № 1/4 dated 14.01.2002 "Inex-NN" Llc imported five consignments of electric tools produced by "Zavod Fiolent" plant, Public limited corporation (Ukraine) from Latvia to Russia. Afterwards during the official examination it was found out that the claimed customs value of the given kind of goods was six times and more as underestimated as the purchasing prices. The consignor of the goods from Latvia is "ONTARIO TRANSIT LLC". The sum of arrears of customs duties concluded 7802772 roubles 65 copecks that exceeded the large scale of customs evasion, namely 1 500 000 roubles.

The analysis of the available in the criminal case documents showed that electric tools namely
- electric fret-saw, grade ПМ3-600Э code ТН ВЭД of Russia 8467229000;
- milling machine grade МФ3-620Э, code ТН ВЭД of Russia 8467297000;
- milling machine grade МФ3-1100Э, code ТН ВЭД of Russia 8467297000;
- electric plane grade Р2-82, code ТН ВЭД of Russia 8467297000; electric plane grade Р3-82, code ТН ВЭД of Russia 8467297000;
- polishing machine grade МПШ1-28, code ТН ВЭД of Russia 8467295900;
- angle-polishing machine grade МШУ1-20-230, code ТН ВЭД of Russia 8467295100;
- drilling machine without chuck grade МС4-10Э, code ТН ВЭД of Russia 8467219900,
- drilling machine without chuck grade МС4-10РЭ, code ТН ВЭД of Russia 8467219900;
- screwdriver grade ШВ2-6-РЭ, code ТН ВЭД of Russia 8467299000;
- disc saw grade ПД2-75, code ТН ВЭД of Russia 8467223000;
- mixer-drill grade МД1-11Э, code ТН ВЭД of Russia 8467219900

were produced by "Zavod Fiolent" plant, Plc (Simpheropol, Ukraine) whereupon as per Agreement # 2309 dated 19.03.2003 between the supplier "Zavod Fiolent" Plc plant and the seller "Ontario Transit LLC" (Latvia, Daugavpils, 18th of November Street, 380 LV 5403) and were imported in several consignments to the address of the recipient in Latvia to the bonded warehouse SIA "LAARMS" (Daugavpils), at that the price of the goods was set in dependence on the model of the electric tools from 406 roubles RF to 1471 roubles RF per item. Company "Ontario

Transit LLC (15, East North Street, Dover, Delaware 19901, ASV, USA) was already registered in the USA, not in Latvia, but judging by available documents, the company in question is headed by the same person Kokina Raisa who in her turn was the sender of the goods as per Sales Agreement # 1/4 dated 14.01.2002 from Latvia to the address of "Inex-NN' Llc.

According to the introduced by customs of Ukraine and Latvia documents it is evident that during the transportation of the goods (electric tools) from Ukraine to Latvia and later on from Latvia to Russia the same carriers were used - # B 579BB/BB 1465; # AD 1517/A844; # EH 8064/A6870; # AD 1517/A844; # EV9950/J6096. Thus the goods, delivered to the bonded warehouse of Latvia proceeded to the address of "Inex-NN" Lcc. During the customs registration of the stated goods the declarator "Inex-NN" Lcc. claimed the customs value to be six and times as lower as the purchasing price that is at the rate of from 92 roubles 40 copecks RF ($ 3,20) to 200 roubles 80 copecks RF ($ 6,95) per item. As the grounds of the customs value "Inex-NN" Lcc. introduced documents: invoices, specifications, certificates, declarations of origin sent to its address by "Ontario Transit LLC" (15, East North Street, Dover, Delaware 19901, ASV, USA).

On the basis of "Mutual Assistance Pact In Criminal Cases" between the Russian Federation and the United States of America (Moscow, 17.06.1999) we ask You to give legal assistance in the present criminal case.

We assure You that the committed crime isn't political, and all the information got within the present international assistance will be used solely in the context of the criminal case in question. If necessary, for our part analogous legal assistance will be given.

On the basis of the stated we ask You to commission your personnel to undertake the following investigative actions:

1. to ascertain the following:
   - if the company "Ontario Transit LLC" is registered or located to the address: 15, East North Street, Dover, Delaware 19901, ASV, USA;
   - who heads the stated company at the present time, and who headed it at the period of time from January, 2004 to July, 2004;
   - if the stated company made the Sales Agreement # 1/4 dated 14.01.2004 with the "Inex-NN" Llc (603022, Russian Federation, Nizhni Novgorod, Osharskaya Street, 63) for the sales of hand pneumatic tools or tools with built-in electric or anelectric engine to the address of the "Innex-NN" Llc.
   - if the answer is affirmative we ask You to get and forward us exemplifications of forgoing Sales Agreement (including additional agreements and specifications) as well as the copies of covering documents concerning deliveries of electric tools produced by company "Ontario Transit LLC" (15, East North Street, Dover, Delaware 19901, ASV, USA) to the address of the "Inex-NN Llc", in the period of time from 06.05.2004 to 09.06.2004, namely:
     - contracts (delivery agreements, inquiries);
     - transportation and other dispatch documents;
     - logs of the goods;
     - payment documents (invoices, pro-forma-invoices);



- export declarations;
- CMR, CARNET TIR;
- documents confirming the status of the recipient (organization name, legal address, contact telephones, names of the directors).

2. According to the available information the Contract # 2309 dated 19.03.2003 between the supplier "Zavod "Fiolent" Plc plant and the buyer "Ontario Transit LLC" (Latvia, Daugavpils, 18th of November Street, 380 LV 5403) as well as the Sales Agreement # 1/4 dated 14.01.2002 between the companies "Ontario Transit LLC" (15, East North Street, Dover, Delaware 19901, ASV, USA) and "Inex-NN" Llc (603022, Russian Federation, Nizhni Novgorod, Osharskaya Street, 63) were signed from the "Ontario Transit LLC" by the same person that is by Kokina Raisa Stepanovna. We ask you to identify her person, location and examine her as a witness on the following matters:

- What relation she had (she has) to the company "Ontario Transit LLC" (Latvia, Daugavpils, 18th of November Street, 380 LV 5403) and company "Ontario Transit LLC" (15, East North Street, Dover, Delaware 19901, ASV, USA) and whether she was (she is) the director of the companies in question;
- What relation these companies have to each other (whether they are affiliates or representatives in the present countries);
- Whether she made the Contract # 2309 dated 19.03.2003 on behalf of "Ontario Transit LLC" (Latvia, Daugavpils, 18th of November Street, 380 LV 5403) with "Zavod Fiolent" Plc plant (95017, Ukraine, Crimea, Simpheropol, Kievskaya Street, 34/2) for purchasing of electric tools. If yes, ask her to specify the place and circumstances (during the examination we ask You to show the copy of the Contract and Specification available in the case documents, which are attached to the present application);
- If the present Contract and Specification are attested with the seal of this company;
- Whether she made the Sales Agreement # 1/4 dated 14.01.2002 for delivery of electric tools on behalf of "Ontario Transit LLC" (15, East North Street, Dover, Delaware 19901, ASV, USA) between the companies "Ontario Transit LLC" (15, East North Street, Dover, Delaware 19901, ASV, USA) and "Inex-NN" Llc (603022, Russian Federation, Nizhni Novgorod, Osharskaya Street, 63); If yes, specify place and circumstances (during the examination we ask You to show the copy of the Agreement and Specification available in the case documents, which are attached to the present application);
- If the present Agreement and Specification are attested with the seal of this company;
- If both contracts were signed by Kokina Raisa then why the signatures are different;
- How she can explain the fact that according to the Contract # 2309 dated 19.03.2003 the electric tools were bought from "Zavod "Fiolent" Plc plant at the price from 25 roubles RF to 1471 roubles RF complying with the Specification to the contract dated 21.04.2004 and later on were sold to "Inex-NN" Llc at the price from $ 3,20 (92,4 roubles RF) to $ 4,25 (122,8 roubles RF) in compliance with Specification

(dated 25.05.2004) of the Agreement # 1/4 dated 14.01.2002 that is several times as cheaper, in other words they were sold at a loss;
- How many consignments in all were forwarded to the address of "Inex-NN" Llc according to the present Agreement and specify the total sum.

We ask You to send the documents of the commission executed to the address: 103009, Moscow, Gazetni pereulok, 6.

In case of impossibility to comply with the commission we ask You to inform the initiator about the circumstances hindering from complying the commission.

Attachment:
- Copy of Contract # 2309 dated 19.03.2003 containing 1 page;
- Copy of specification to the Contract # 2309 dated 21.04.2004 containing 1 page;
- Copy of CMR LV-0223998 and LV-0045949 containing 2 pages;
- Copy of Agreement # 1/4 dated 14.01.2002 with attachments containing 6 pages;
- Copies of invoices dated 10.05.2004, 18.05.2004 and 25.05.2004 containing 3 pages;
- Copies of Quality Certificates containing 2 pages;
- Copies of Declarations of origin containing 2 pages;
- Copies of packing lists containing 2 pages;
- Copies of specifications to the Agreement # 1/4 dated 14.01.2002: # 53 dated 10.05.2004, # 56 dated 18.05.2004 and # 59 dated 25.05.2004
- Abstract from Criminal Code of the Russian Federation containing 2 pages;
- Abstract from Procedural Criminal Code of the Russian Federation containing 5 pages;
- Abstract from the Constitution of the Russian federation containing 1 page.

We are grateful to you for cooperation.

Investigator
of The Department of Investigation
affiliated to Gorky Transport
Administration of Internal Affairs

Lieutenant of Justice                                         S.V.Sharpanov
Telephone (8-831-2) 48-86-36

---

*Перевод выполнен Региональным Экспертным Бюро по переводу следственных и судебных материалов фирмы «Внешсервис».*

*Перевод соответствует оригиналу.*

*Ген.директор фирмы «Внешсервис»*                В.В.Подлегаев

*Эксперт-переводчик*                              Е.В.Новоселова

4|

## Abstracts from the corresponding articles of the Russian Federation Criminal Code

### Article 194. Customs evasion of the organization or natural person

1. Customs evasion committed by organization or natural person on a large scale amount involves penalty at the rate of from one hundred thousand RUR to three hundred thousand RUR or at the rate of salary or other profit of a convicted over the period from one year to two years; or obligatory works for the period from 180 to 240 hours or imprisonment for the period up to 2 years (Edition of the Federal law from 8th December 2003 No. 162-ФЗ).
2. Customs evasion committed by
   a) a group of persons with preliminary collusion;
   b) invalid - Federal law from 8th December 2003 No. 162-ФЗ;
   c) invalid - Federal law from 8th December 2003 No. 162-ФЗ;
   d) on a large scale

Involves penalty at the rate from one hundred thousand to five hundred thousand RUR or at the rate of salary or other profit of a convicted over the period from one to three years; or imprisonment for the period up to five years with the revocation of right to hold a certain post or to be engaged in the certain activity for the period of up to three years or without such a period (Edition of the Federal law from 8th December 2003 No. 162-ФЗ).

Note: Customs evasion admits perpetrated on a large scale if the sum of the not returned foreign currency exceeds five hundred thousand RUR, in the case of extra large scale customs evasion admits perpetrated scale if the sum of the not returned foreign currency exceeds one million five hundred thousand RUR.
(Article in the edition of the Federal law from 8th December 2003 No. 162-ФЗ).

### Article 307. False testimony, expert's statement or wrong translation. (Edition of the Federal law from 8th December 2003 No. 162-ФЗ).

1. False testimony, expert's statement or wrong translation in the court or during preliminary investigation (Edition of the Federal law from 8th December 2003 No. 162-ФЗ).
   involves penalty at the rate from up to 80 thousand roubles or at the rate of one salary or other profit of a guilty person during the period up to 6 months, or obligatory works for the period from 180 to 240 hours or disciplinary work for the period up to 2 years or imprisonment for the period up to 3 months. (Edition of the Federal law from 8th December 2003 No. 162-ФЗ).
2. False testimony, expert's statement or wrong translation in the court or during preliminary investigation committed by the person accused of grave crime or specially grave crime involves imprisonment for the period up to 5 years.

Note: The attestor, victim, expert or interpreter are released from the criminal responsibility, if they state an inaccuracy of their testimonies during the inquiry, preliminary investigation or court examination before passing of sentence or judgement. (Edition of the Federal law from 8th December 2003 No. 162-ФЗ).

42

### Article 308. Failure of the attestor or victim to give evidence

Failure of the attestor or victim to give evidence involves penalty at the rate up to 40 thousand roubles or at the rate of one salary or other profit of a guilty person during the period up to 3 months, or obligatory works for the period from 120 to 180 hours or disciplinary work for the period up to 1 year or imprisonment for the period up to 3 months. (Edition of the Federal law from 8th December 2003 No. 162-ФЗ).

**Note:** Nobody is subject to criminal responsibility for failure to give witness against self, marital partner or close relatives.

---

*Перевод выполнен Региональным Экспертным Бюро по переводу следственных и судебных материалов фирмы «Внешсервис».*

*Перевод соответствует оригиналу.*

*Ген.директор фирмы «Внешсервис»*     В.В.Подлегаев

*Эксперт-переводчик*     Е.В.Новоселова

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST ) | |
| FROM RUSSIA ) | |
| IN THE MATTER OF ) | Misc No. 06- |
| ONTARIO TRANSIT ) | |

### ORDER

Upon application of the United States of America; and upon examination of a letter of request from Russia whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Russia and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that Richard G. Andrews, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Russian authorities as follows:

1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

      3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in Russia, which procedures may be specified in the request or provided by the Russian authorities;

      4. seek such further orders of this Court as may be necessary to execute this request; and

      5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Russian authorities.

      IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

      Dated: This _____ day of _____, 2006.

_____
United States District Court Judge